UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Dayaima Diaz,
and other similarly situated individuals,

     Plaintiff(s),

v.

Orlando Med Transportation LLC,
Federico Martinez and Maylen Velazquez,
Individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Dayaima Diaz, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Orlando Med Transportation LLC, a/k/a Orlando Med Transport, Federico Martinez, and Maylen Velazquez, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Dayaima Diaz is a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Orlando Med Transportation LLC, a/k/a Orlando Med Transport (hereinafter Orlando Med Transport, or Defendant), is a Florida corporation having its place of business in Orange County.  Defendant was engaged in interstate commerce. Defendant Orlando Med Transport is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4.  The individual Defendants Federico Martinez and Maylen Velazquez were and are now the owners/partners/officers and managers of Defendant Corporation Orlando Med Transport. Defendants Federico Martinez and Maylen Velazquez were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint took place in Orange County, Florida, within the jurisdiction of this Court.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiff Dayaima Diaz and other similarly situated employees to recover from Defendants minimum wages, overtime

compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant Orlando Med Transport provides patient transportation services. Defendant is located at 14992 Faversham Circle, Orlando, Florida 32826.

8. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez employed Plaintiff Dayaima Diaz as a full-time, non-exempted, hourly employee from approximately April 01, 2021, to August 10, 2021, or 19 weeks.

9. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

10. Plaintiff was paid at the wage rate of $100.00 per day, or $500.00 weekly.

11. While employed by Defendants, Plaintiff worked from 5 days per week from Monday to Friday, a minimum of 12 hours daily or 60 hours weekly. Plaintiff was not able to take bonafide lunchtime.

12. Plaintiff was paid $500.00 weekly regardless of the number of hours worked during the week.

13. Plaintiff's salary divided by the total number of hours worked during the week resulted in a wage rate of $8.33 an hour, which is below the minimum wage required by law.

14. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours.

15. Moreover, Plaintiff took the company car for an oil change and maintenance work to the auto-shop one Saturday every month. Plaintiff employed a minimum of 4 hours completing this task, but she did not receive any compensation for this work.

16. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. They could track the number of hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked.

19. Plaintiff complained to the owner of the business Federico Martinez, about working too many hours without payment for overtime hours.

20. One week after Plaintiff's complaint, Defendants took away from Plaintiff's house the company's vehicle used to transport the patients, and she was never scheduled to work again.

21. Plaintiff Dayaima Diaz seeks to recover minimum wages, any unpaid overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour and failed to pay overtime hours at the rate of time and one-half their regular rate.

24. This action is intended to include every driver and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## <u>COUNT I:</u>
## <u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
## <u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

25. Plaintiff Dayaima Diaz re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiff Dayaima Diaz as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant Orlando Med Transport was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through her daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

29. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez employed Plaintiff Dayaima Diaz as a full-time, non-exempted, hourly employee from approximately April 01, 2021, to August 10, 2021, or 19 weeks.

30. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

31. Plaintiff was paid at the wage rate of $100.00 per day, or $500.00 weekly.

32. While employed by Defendants, Plaintiff worked from 5 days per week from Monday to Friday, a minimum of 12 hours daily or 60 hours weekly. Plaintiff was not able to take bonafide lunchtime.

33. Plaintiff was paid $500.00 weekly regardless of the number of hours worked during the week.

34. Plaintiff's salary divided by the total number of hours worked during the week, resulted in a wage rate of $8.33 an hour, which is below the minimum wage required by law.

35. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours.

36. Moreover, Plaintiff took the company for maintenance work to the auto-shop one Saturday every month. Plaintiff employed a minimum of 4 hours completing this task, but she did not receive any compensation for this work. These hours constitute unpaid overtime hours.

37. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they could track the number of hours worked by the Plaintiff and other similarly situated individuals.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should

be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43.  Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

44. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of unpaid O/T wages</u>:

       Two Thousand Four Hundred Sixty-Two Dollars and 40/100 ($2,721.80)

    b.  <u>Calculation of such wages</u>:

       Total weeks of employment:  19 weeks

Relevant weeks of employment:  19 weeks
Total number of hours worked: 60 hours weekly
Total number of O/T hours: 20 O/T hours
Wage rate: $100.00 daily x 5 days=$500.00 weekly
$500.00:60 hours=$8.33 an hour regular rate
FL minimum wage 2021: $8.65 x 1.5=$12.97:2=$6.48 half-time

    i.   O/T half-time: $6.48 x 20 O/T hours=$129.60 weekly x 19 weeks = $2,462.40

    ii.   O/T for 4 hours /5 Saturdays

       $12.97 O/T rate x 4 hours=$51.88 x 5 Saturdays=$259.40

Total i and ii: $2,721.80

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendant Orlando Med Transport knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of

Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. At times mentioned, individual Defendants Federico Martinez and Maylen Velazquez were the owners/partners, and they directed Orlando Med Transport's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GPI concerning its employees, including Plaintiff and others similarly situated. Defendants Federico Martinez and Maylen Velazquez had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

48. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiff Dayaima Diaz and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Dayaima Diaz and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

50. Plaintiff Dayaima Diaz re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

51. Plaintiff Dayaima Diaz brings this action to recover from the Employer Orlando Med Transport unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

52. Defendant Orlando Med Transport was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal entity. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card

transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

53. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through her daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

54. Defendant Orlando Med Transport was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

55. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

56.  the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

57. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez employed Plaintiff Dayaima Diaz as a full-time, non-exempted, hourly employee from April 01, 2021, to August 10, 2021, or 19 weeks.

58. Plaintiff was hired as a driver, and her wage rate of $100.00 per day, or $500.00 weekly.

59. While employed by Defendants, Plaintiff worked from 5 days per week, 12 hours daily or 60 hours weekly. Plaintiff was not able to take bonafide lunchtime.

60. Plaintiff was paid $500.00 weekly regardless of the number of hours worked during the week.

61. Plaintiff's salary divided by the total number of hours worked during the week resulted in a wage rate of $8.33 an hour, which is below the minimum wage required by law.

62. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they could track the number of hours worked by Plaintiff and other similarly situated individuals.

63. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 6 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1).

64. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked.

65. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

67. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Three Hundred Sixty-Four Dollars and 80/100 ($364.80)

     b.  <u>Calculation of such wages</u>:

        Total weeks of employment: 19 weeks
        Total relevant week:  19 weeks
        Total hours worked:  60 hours weekly
        Paid: $500.00 weekly: 60 hours=$8.33 Regular rate
        Florida minimum wage 2021:  $8.65
        Florida Min. wage rate $8.65-$8.33 rate paid=$0.32 Difference

        FL Min. wage diff. $0.32 x 60 hours=$19.20 weekly x 19 weeks=$364.80

     c.  <u>Nature of wages:</u>

        This amount represents unpaid min. wages in Florida
         Minimum wage rate

68. Defendants unlawfully failed to pay Plaintiff minimum wages.

69. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

70. At times mentioned, individual Defendants Federico Martinez and Maylen Velazquez were the owners/partners, and they directed Orlando Med Transport's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of

the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GPI concerning its employees, including Plaintiff and others similarly situated. Defendants Federico Martinez and Maylen Velazquez had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

71. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Dayaima Diaz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Dayaima Diaz and against the Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez based on Defendants' willful violations of the Fair Labor Standards Act,

29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Dayaima Diaz and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## <u>COUNT III:</u>
## <u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);</u>
## <u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>

73. Plaintiff Dayaima Diaz re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

74. Defendant Orlando Med Transport was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal entity. Defendant has more

than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

75. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through her daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

76. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

77. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

79. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person—"to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

80. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez employed Plaintiff Dayaima Diaz as a full-time, non-exempted, hourly employee from approximately April 01, 2021, to August 10, 2021, or 19 weeks

81. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

82. Plaintiff was paid at the wage rate of $100.00 per day, or $500.00 weekly.

83. While employed by Defendants, Plaintiff worked from 5 days per week from a minimum of 12 hours daily or 60 hours weekly. Plaintiff was not able to take bonafide lunchtime.

84. Plaintiff was paid $500.00 weekly regardless of the number of hours worked during the week.

85. Plaintiff's salary divided by the total number of hours worked during the week resulted in a wage rate of $8.33 an hour, which is below the minimum wage required by law.

86. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 6 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1).

87. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours.

88. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

89. Moreover, Plaintiff took the company for maintenance work to the auto-shop one Saturday every month. Plaintiff employed a minimum of 4 hours completing this task, but she did not receive any compensation for this work.

90. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. They could track the number of hours worked by Plaintiff and other similarly situated individuals.

91. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C.

207(a)(1). Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

92. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked.

93. Plaintiff complained to the owner of the business Federico Martinez, about working too many hours without payment for overtime hours.

94. This complaint constituted protected activity under 29 U.S.C. 215(a) (3).

95. On or about August 10, 2021, one week after Plaintiff complained about the lack of payment for overtime hours, Defendants took away from Plaintiff's house the company's vehicle used by Plaintiff to transport the patients, and she was never scheduled to work again.

96. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

97. The termination of Plaintiff Dayaima Diaz by Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because she complained about missing payment for overtime hours, in violation of the FLSA.

98. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

99. At times mentioned, individual Defendants Federico Martinez and Maylen Velazquez were the owners/partners, and they directed Orlando Med Transport's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GPI concerning its employees, including Plaintiff and others similarly situated. Defendants Federico Martinez and Maylen Velazquez had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

100. Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez willfully and maliciously retaliated against Plaintiff Dayaima Diaz by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

101. The motivating factor which caused Plaintiff Dayaima Diaz to be fired from the business, as described above was her complaint seeking overtime

wages from Defendants.  In other words, Plaintiff would not have been fired, but for her complaints about overtime wages.

102.    Defendants' adverse actions against Plaintiff Dayaima Diaz were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

103.    Plaintiff Dayaima Diaz has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Dayaima Diaz respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Dayaima Diaz by Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Orlando Med Transport, Federico Martinez, and Maylen Velazquez, awarding Plaintiff Dayaima Diaz liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an

equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Dayaima Diaz and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  October 20, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*